**ADAMS, et al., Plaintiff-Appellants v. LONG, etc., et al., Defendant-Appellees.**

Ohio Appeals, Second District, Greene County.

No. 483. Decided May 9th, 1944.

John M. Sprigg, Dayton, Ohio, for Plaintiff-Appellants.
Marcus Shoup, Xenia, Ohio, for Defendant-Appellees.

## OPINION

By BARNES, P. J.

The above entitled cause is now being determined as an appeal on questions of law and fact from the judgment of the Court of Common Pleas of Greene County, Ohio.

Plaintiff's petition was filed in the trial court on October 21, 1943, the prayer of which asked that defendants be enjoined from distributing to the electors of a described territory ballots containing the names of four individuals as candidates for the Board of Education and the Board of Public Affairs. The petition alleges, among other things that on or about September 2, 1943, there was filed with the defendants in their official capacity a collective petition as provided in §§4785-21 and 4785-22 GC seeking to nominate Paul H. Dawson and Leon Beal as candidates for the Board of Public Affairs of the Village of Yellow Springs, Greene Coun—

336

ty, Ohio, and George Donley and John Bracelin as candidates for the Board of Education of Miami Township School District, Greene County, Ohio, to be voted for at the general election to be held November 2, 1943. Petitioners further allege that on or about September 15, 1943, it was brought to the attention of the petitioners that the name of one of the signers on said petition was a forgery and that, thereafter, a further investigation disclosed that at least six additional names affixed to said nomination petition were forgeries. It is further alleged that without the signatures of the seven electors whose names had been illegally and fraudulently signed thereto and thereafter falsely authenticated by the oath of the circulator, that such a petition would not contain the names of the requisite twenty-five nominating electors as required by the General Code of Ohio. It is further alleged that, thereafter, the petitioners made demand of the defendants to strike from said petition the names of the seven electors whose names had been forged but said defendants refused and have ever since refused to comply with such demands. It is further alleged in sum and substance that by reason thereof the electors of the territory will be deprived of their constitutional right of a free choice of candidates validly and honestly named in conformity with the requirements of law.

It is further alleged that petitioners have used every legal means at their disposal to correct the fraudulent acts complained of as soon as such frauds were discovered and that they have no adequate remedy at law.

**Section 4785-92 G. C.** contains in part the following provisions:

"Such petition papers shall be preserved and opened under proper regulations to public inspection for at least five days prior to the 55th day preceding election, during which time objections may be filed thereto and be heard by the Secretary of State or the Board as the case may be. When any such objection is so made or any question so arises, notice thereof shall forthwith be mailed to the candidate affected thereby. Such objections or other questions shall be heard by the Secretary of State or the Board as the case may be, and the findings and the decisions made thereon shall be final."

**The petition did not** contain the allegation that any objections to the nominating petitions were filed with the Board within the five days prescribed in the above section.

The date set out in the petition when the claimed forgery

of one of the alleged signers was discovered was after the expiration of the five days. The defendants were served with summons on October 23, 1943, and three days thereafter filed a demurrer setting out two grounds as follows:

"1. That the court has no jurisdiction of the subject of the action.
2. That the petition does not state facts which show a cause of action."

The trial court heard the demurrer on the day following its filing and sustained the same. Plaintiffs not desiring to plead further, the petition was dismissed and costs adjudged against the plaintiffs. Within due time the notice of appeal was duly filed and the case lodged in our court.

We are favored with a written opinion of the trial court. It was the decision of the Common Pleas Judge that the recent case of **State ex rel. Cassidy vs. Zaller, 142 Oh St 186,** was determinative of the issues raised in the instant case.

The Zaller case originated in Cuyahoga County and was an action in mandamus. In the reported case it was alleged that two candidates for Municipal Judge of the City of Cleveland had filed petitions with the election board and had falsely given their residence as within the confines of Cleveland, whereas in truth and fact neither lived within the City of Cleveland but outside of its boundaries. Concededly it was necessary for such candidate to be a resident of the City of Cleveland in order to seek the nomination for Judge of the Municipal Court. In the Cuyahoga County case the objection presented to the Board was not made until after the expiration of the five days prescribed. The factual questions were almost identical with the instant case except that the individuals were candidates for different offices and the fraudulent conduct complained of was different in character but not in degree. The Supreme Court in deciding the case stated that the sole question was whether or not the action in mandamus would lie. The court decided that it would not for the reason that the objections were not brought within the time prescribed by the pertinent provisions of the code.

Counsel for appellants admit the similarity of the instant case to the reported case on the substantive facts but would distinguish the two cases in that the Cuyahoga County case was an action in mandamus whereas the instant case is one for injunction. It is beyond doubt that a mandamus action is one at law whereas an action for injunction is one in equity. The authorities in Ohio recognize this distinction although it is stated that an action in mandamus does have some of the

attributes of equity. Counsel for appellants go further and state that had they filed an action in mandamus, no relief could be granted.

Counsel for appellants in their brief make the further statement that the defendant Board had no alternative except to approve the nominating petitions and continue the regular steps leading to the printing of the names on the ballots. This concession is for the reason that the petitions were regular on their face. It contained all the requisites and they had no information whatever as to any infirmities subsequently claimed to have been discovered by the plaintiff-appellants.

This admission makes it very difficult to understand how the plaintiffs can have any relief against the defendant Board even though the action is one in equity. The claims present an anomalous condition wherein it must be stated that the Board acted legally in all the steps essential to placing the names upon the ballot but yet asks the court in equity to enjoin them from so acting. We recognize that the allegations relative to forgery present a grave question and demand a careful examination of all available authorities, as to what, if any, relief plaintiffs may have under the circumstances. While counsel in their brief cite numerous authorities, all facts are readily distinguishable from plaintiff-appellants situation in the instant case. In the closing sentence of appellants' brief a challenge is presented as to whether or not courts will permit the selection of public officers under an election system which permits nominations to be secured by unscrupulous persons through forged nominating petitions and that unless such fraud is discovered more than fifty-five days prior to an election, the citizens and the courts are without power to stop such a travesty. This foreceful language has impelled us to renewed thought and investigation. We are inclined to think that counsel in their briefs have exhausted the subject so far as decisions are concerned.

It must be kept in mind that the persons charged with the perpetration of the fraud are not parties to this action. Probably they could not be joined. The real offenders were the solicitors. The candidates may or may not have known of this misconduct. If amenable under any form of action they would be bound by the conduct of the solicitors on the ground of agency.

Counsel for appellants in their brief argue at length and submit numerous authorities on the question as to whether or not injunction is an appropriate remedy. The cases principally relied upon in this question are as following:

Cincinnati vs. Hildebrand, 103 Oh St 286
State ex rel. vs. Stewart, 71 Oh St 55
State ex rel. vs. Graves, 90 Oh St 311

Only the first case was one in injunction. The first syllabus in this case does state that injunction is a proper remedy to prevent expenditure of public money by a Board of State Supervisors of Election in submitting to the electors a statute or ordinance pursuant to an initiative petition where mandatory provisions of the constitution or statute prescribing the necessary preliminary steps to authorize such submission have not been complied with. It will at once be observed that the question presented is not identical with that in the instant case. Furthermore it appears in the reported case that the prayer for injunction was denied. The other two cases relied upon were actions in mandamus. In the opinion there are excerpts which might indicate under certain conditions that injunction would be an appropriate remedy. To make specific references to the other cases cited would only add to the length of this opinion without in any way aiding in its determination. Suffice it is to say that we have examined them very carefully and re-read them many times.

The case of **Ohio ex rel. v. Stewart, 71 Oh St 55, Syllabus 2** announces the principle that where the Board has acted on petitions their functions are at an end. Davis, J. delivering the opinion of the court on page 74 and 75 makes reference to this question and cites numerous cases as authority for the conclusion expressed within Syllabus 2.

We must at all times keep in mind that injunction will not lie where there is an adequate remedy at law.

Counsel for plaintiff-appellants undoubtedly recognize this principle since they make the appropriate allegation in the petition. Notwithstanding this allegation the question arises as to whether or not other allegations of the petition refute the claim.

There is no question that the statute does provide a remedy and that is that objections must be filed before the expiration of the fifty-five days preceding the election. It may be claimed that the five days is too short a period to be considered an adequate remedy. Counsel for appellants call attention to the statute of limitations wherein it is provided that where fraud is claimed the statute does not begin to run until discovery of the fraud and that thereafter four years is given within which an action may be brought. We do not think that this four year statute is applicable in the instant case.

340

The same activity that discovered the claimed forgery after the expiration of the five days would have discovered it within proper time. The Supreme Court in the case of **State ex rel v. Graves, 90 Oh St 311, in Syllabus 1,** makes the following pronouncement:

"1. Elections belong to the political branch of the government and not to the judicial, and are not per se the subject of judicial cognizance, but are matters for political regulation."

We have already called attention to §4785-92 GC wherein it is provided that the findings and decisions made on objections in election matters are final.

Whether or not plaintiff-appellants would have a remedy against the four individuals certified to be nominated is not involved in this case and we are not passing thereon at this time.

The judgment in this court will be the same as in the trial court.

Costs will be charged against the plaintiff-appellants.

HORNBECK, J., and GEIGER, J., concur.